FILED
Scott L. Poff, Clerk
United States District Court

By tblanchard at 12:28 pm, Jul 16, 2018

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

| | | |
|---|---|---|
| NATHAN ERIC CUTCHENS, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | CV618-076 |
| | ) | CR609-044 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

This Court sentenced Nathan Cutchens to 192 months' imprisonment for possession of firearms and ammunition by a convicted felon in 2010.  *See* CR609-044, doc. 39 (judgment).  He challenged his armed career criminal-enhanced sentence by filing a 28 U.S.C. § 2255 motion in 2015.  Doc. 47.[1]  After the Government responded, the Court dismissed his motion as untimely.  *See* doc. 51 (Report and Recommendation), *adopted* doc. 54.  His motion raised, among other claims, the same claim he raises now -- that his sentence enhancement as

---

[1] Unless otherwise noted, citations are to the docket in Cutchens' criminal case, CR609-044.  Additionally, page references are to the CM/ECF screen page, rather than the referenced document's own internal pagination.

an armed career criminal was rendered unconstitutional by the Supreme Court's decision in *United States v. Johnson*, ___ U.S. ___, 135 S. Ct. 2551 (2015). *Compare* doc. 47 at 4-8, *with* doc. 58. He then sought and was denied leave to file a second or successive motion by the United States Court of Appeals for the Eleventh Circuit. Doc. 57.

He is back with either a further § 2255 motion or an attempt to relitigate the Court of Appeals' denial of his request to file a second or successive motion. *See* doc. 58 at 1 (letter requesting either a sentence modification or that the Court "send [his motion] to the Supreme Court or to whatever court it needs to to correct [his] sentence."). Since he seeks to challenge the validity of his sentence, his letter, although it does not explicitly invoke § 2255, appears to be such a motion. *See* 28 U.S.C. § 2255(a). Normally, recharacterizing an ambiguous § 2255 motion requires a *Castro* warning[2] that if he chooses to proceed with his motion, he will lose his ability to file any successive motion on the same matter

---

[2] *See Castro v. United States*, 540 U.S. 375, 383 (2003) ("the district court must notify the pro se litigant that it intends to recharacterize the pleadings [as a § 2255 motion], warn the litigant that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on 'second or successive' motions, and provide the litigant an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has."); *Pena v. United States*, 2016 WL 6609223 at * 1 (S.D. Ga. Sept. 28, 2016).

without first seeking permission from the Court of Appeals. However, he has already had one bite at the § 2255 apple. His current motion, whether it is construed as raising new claims or rearguing old claims,³ therefore must be construed as a second or successive § 2255 motion. *See Carter v. United States,* 405 F. App'x 409, 410 (11th Cir. 2010) (dismissal of § 2255 motion as untimely rendered further motion successive); *see also Candelario v. Warden*, 592 F. App'x 784, 785 n. 1 (11th Cir. 2014) (explaining that § 2241 petition was successive after denial of § 2255 motion as untimely). And without the Eleventh Circuit's authorization to hear it, this Court lacks jurisdiction to consider *any* such motion. *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003). Accordingly, his motion should be **DENIED**. Doc. 58.

This Report and Recommendation (R&R) is submitted to the

---

³ As the Eleventh Circuit panel explained to Cutchens in its denial of his previous request for leave to file a second or successive § 2255 motion, "a prisoner may not file 'what amounts to a motion for reconsideration under the guise of a separate and purportedly 'new' application' . . . ." Doc. 57 at 3 (quoting *In re Baptiste*, 828 F.3d 1377, 1339-42 (11th Cir. 2016)). To the extent that he seeks to reargue the Court's consideration of his robbery conviction as a predicate offense under the Armed Career Criminal Act, his current motion is successive for the same reasons. To the extent that he seeks review of action taken by the Court of Appeals, *see* doc. 58 at 1 (complaining the "The Eleventh [C]icuit Court of Appeals never corrected" his sentence), he must seek relief in the United States Supreme Court, though its procedural rules would likely preclude such review as untimely.

district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. U.S.*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this __16th__ day of July, 2018.

_/s/ R. Smith_
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA