# In the United States District Court
# for the Southern District of Georgia
# Statesboro Division

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | CR 609-044 |
| NATHAN ERIC CUTCHENS, | |
| Defendant. | |

## ORDER

Before the Court is Defendant Nathan Cutchens' motion for sentence reduction pursuant to the First Step Act. Dkt. No. 71. For the reasons below, Cutchens' motion is **DENIED**.

## BACKGROUND

On October 8, 2009, before the late Honorable B. Avant Edenfield, Cutchens pleaded guilty to possession of firearms and ammunition by a convicted felon, armed career criminal, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). Cutchens was classified as an Armed Career Criminal under 18 U.S.C. § 924(e), based on convictions for escape, robbery, terroristic threats, and felony obstruction. With a total offense level of 30, and a criminal history category VI, Cutchens' advisory guidelines range was 180 to 210 months' imprisonment. On January 26, 2010, Cutchens was sentenced to 192 months' imprisonment with the Bureau of Prisons ("BOP"), followed by five years' supervised release. Dkt.

AO 72A
(Rev. 8/82)

No. 39. According to the BOP website, Cutchens is being housed at Coleman II United States Penitentiary in Sumterville, Florida and has a release date of February 24, 2023.

Cutchens did not file a direct appeal. On December 7, 2015, Cutchens filed a motion to vacate pursuant to 28 U.S.C. § 2255. Dkt. No. 47. His motion was denied and judgment entered in February 2016. Dkt. No. 55. On July 6, 2018, Cutchens filed another motion to vacate pursuant to 28 U.S.C. § 2255. Dkt. No. 58. The Court construed Cutchens' motion as a second or successive § 2255, determined it lacked jurisdiction to consider the motion, and dismissed it. Dkt. Nos. 59, 61. In March 2019, Cutchens petitioned the Court of Appeals for leave to file a successive § 2255 motion. Dkt. No. 63. The Court of Appeals denied his application, finding that Cutchens had failed to make the requisite prima facie showing. Dkt. No. 66. In January 2020, Cutchens moved for appointment of counsel. Dkt. No. 67. The Court denied his motion. Dkt. No. 70.

Cutchens now moves the Court to reduce his sentence, citing the First Step Act of 2018, Pub. L. 115-391, 132 Stat. 5194 (2018). In its response, the Government interprets Cutchens motion, in part, as moving for compassionate release under 18 U.S.C. § 3582(c)(1)(A), asserting that he is no longer an Armed Career Criminal based on the Eleventh Circuit's recent opinion in United

States v. Oliver, 946 F.3d 1276 (11th Cir. 2020).[1] As the Government notes, Cutchens has not averred that he has exhausted his administrative remedies with the BOP as required by 18 U.S.C. § 3582(c)(1)(A). Furthermore, Cutchens has not alleged "extraordinary and compelling reasons" set forth in the Sentencing Guidelines policy statement § 1B1.13. Cutchens has thus not shown he is entitled to relief under 18 U.S.C. § 3582(c)(1)(A).

Alternatively, the Governments argues that Cutchens is not seeking compassionate release at all, but rather trying to once again collaterally attack his conviction. See United States v. Carter, 500 F.3d 486, 490 (6th Cir. 2007) ("[W]hen a motion titled as a § 3582 motion otherwise attacks the petitioner's underlying conviction or sentence, that is an attack on the merits of the case and should be construed as a § 2255 motion."). The Court agrees. Through his motion, Cutchens is attempting to circumvent having to obtain authorization from the Eleventh Circuit to file a successive § 2255 petition. Section 2255(h) requires that prisoners wishing to file a successive petition to collaterally challenge their conviction must first obtain permission from the Court of Appeals. Cutchens has not done so. The Court thus lacks

---

[1] The mandate in Oliver was withheld *sua sponte*; thus, no mandate has issued in that case pending the Government's decision on whether to request rehearing.

jurisdiction to consider it.  Farris v. United States, 333 F.3d 1211, 1216 (11th Cir. 2003).

Accordingly, Cutchens' motion, dkt. no. 71, is **DENIED**.

**SO ORDERED**, this 13 day of March, 2020.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)

4